# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

| | |
|---|---|
| **PAMELA L. BRIARS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 18-2035-JTF-tmp |
| | ) |
| **MEMPHIS LIGHT GAS & WATER,** | ) |
| **ET AL.,** | ) |
| | ) |
| Defendants. | ) |

---

## REPORT AND RECOMMENDATION

---

On January 11, 2018, plaintiff Pamela L. Briars filed a *pro se* complaint, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, and a motion to proceed *in forma pauperis*.[1] (ECF Nos. 1 & 2.) The undersigned granted the motion to proceed *in forma pauperis* and advised that the complaint would be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). (ECF No. 6.) For the following reasons, the undersigned recommends that Briars's complaint be dismissed

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

*sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.  PROPOSED FINDINGS OF FACT

Briars alleges unlawful discriminatory conduct – specifically failure to accommodate her disability, unequal terms and conditions of employment, and retaliation – on the basis of her race and disability.  (ECF No. 1 at 3-4.)  At all relevant times, Briars was employed at Memphis Light, Gas, and Water Division ("MLGW") in the call center.  (Id. at 2-3.)  In support of her claims, Briars alleges that on November 21, 2016, she called her supervisor, defendant Linda Peete, and relayed that she had been diagnosed with scabies, which is highly contagious.  (Id. at 4.)  Briars alleges that Peete subsequently told numerous MLGW employees about her medical condition, one of whom, defendant Carlotta Burnett, told two subordinates that "as long as [they] didn't have sex with [Briars, they] were fine." (Id.)  Briars alleges she was thereafter "singled out" by defendants "covering" her desk with plastic and placing her clothing in a garbage bag, and further alleges that two white employees were not treated similarly when they contracted scabies and poison ivy.  (Id.; ECF No. 1-1 at 2.)

Briars lists MLGW, Peete, and Burnett as defendants, along with Jerry Collins, George Redmond, and Paulette Mitchell – although Briars does not attribute any specific discriminatory

- 2 -

conduct to the latter three individuals. (ECF No. 1 at 1.) In addition to checking the boxes for Title VII and the ADA as bases of her action, Briars asserts, in the space designated for describing the facts of her case, a "violation of HIPPA [sic] Law". (Id. at 4.) Briars seeks: (1) an order directing that no further retaliation take place; (2) back pay in the amount of $26.48 per hour from November 2016 to June 2017; and (3) compensatory damages of $300,000.00. (Id. at 6.) Briars also attached a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). (ECF 1-1 at 2.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also

Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Documents filed after the complaint – here, the EEOC letter – may also be considered as part of the pleadings. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown, 415 F. App'x at 613; Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Briars's Title VII Claims Against MLGW**

The undersigned submits that Briars has failed to state a plausible Title VII claim against MLGW. Title VII prohibits an employer from discriminating against an employee on the basis of

- 4 -

such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence of discrimination, a plaintiff can establish a *prima facie* case of disparate treatment discrimination under Title VII by showing, *inter alia*, that he or she was subject to an adverse employment action.[2] Clayton v. Meijer, Inc., 281 F.3d 605, 610 (6th Cir. 2002); Primes v. Reno, 190 F.3d 765, 766 (6th Cir. 1999). "Employment actions that are *de minimis* are not actionable under Title VII." White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 795 (6th Cir. 2004). "A 'mere inconvenience or an alteration of job responsibilities' or a 'bruised ego' is not enough to constitute an adverse employment action." Id. at 797 (quoting Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 886 (6th Cir. 1996)). Rather, "a plaintiff claiming employment discrimination must show that she has suffered 'a materially

---

[2] In addition, a plaintiff must show that he or she: (1) is a member of a protected group; (2) was qualified for the position; and (3) a similarly situated, non-protected employee was treated more favorably. Clayton, 281 F.3d at 610. Although a plaintiff at the Rule 12(b)(6) stage is not required to present evidence on the elements of the *prima facie* case, the complaint must nonetheless "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory . . . . [C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005); see also Keys v. Humana, Inc., 684 F.3d 605, 609 (6th Cir. 2012) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

adverse change in the terms of her employment.'" Id. (quoting Kocsis, 97 F.3d at 886); see also Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.").

Briars's complaint fails to plausibly allege a "materially adverse change" in the terms of her employment. Briars alleges that, as a result of her diagnosis of scabies, a supervisor made an offensive comment regarding her diagnosis to multiple co-workers, her desk was temporarily covered with a plastic bag, and her clothing was placed in a garbage bag by her desk. Even liberally construed, see Williams, 631 F.3d at 383, such allegations do not relate to Briars's terms of employment. See, e.g., Ellerth, 524 U.S. at 761; Hollins v. Atl. Co., Inc., 188 F.3d 652, 662 (6th Cir. 1999). Rather, Briars merely alleges *de minimis* conduct, not the type of significant alteration in employment status needed to sustain a claim under Title VII. See Ellerth, 524 U.S. at 761; White, 364 F.3d at 795. Accordingly, the undersigned recommends that Briars's Title VII claims against MGLW be dismissed *sua sponte* for failure to state a claim.

**C.   Briars's ADA Claims Against MLGW**

The undersigned also submits that Briars has failed to state a plausible claim that MLGW discriminated against her on the basis of her disability.  The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  A plaintiff can establish a disability discrimination claim through direct evidence or through circumstantial evidence under the McDonnell Douglas framework. Gantt v. Wilson Sporting Goods Co., 143 F.3d 1042, 1047 (6th Cir. 1998).  Under McDonnell Douglas, a plaintiff must first prove, by a preponderance of the evidence, a *prima facie* case of discrimination.  Id. at 1047 n.5.  To establish a *prima facie* case of discrimination based upon unequal terms and conditions of employment, a plaintiff must show: "'(1) that she or he is an individual with a disability, (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) who was discriminated against solely because of the disability.'" Talley v. Family Dollar Stores of Ohio, Inc., 542 F.3d 1099, 1105 (6th Cir. 2008) (quoting Mahon v. Crowell, 295 F.3d 585, 589 (6th Cir. 2002)).  The third

element requires that the plaintiff suffer an adverse employment action.  Id.  "An adverse employment action is a 'materially adverse change in the terms or conditions of . . . employment because of [the] employer's conduct.'"  Id. (quoting Mitchell v. Vanderbilt Univ., 389 F.3d 177, 182 (6th Cir. 2004)).

The conduct Briars complains of here – a covered desk, one instance of her clothing being moved into a bag, a derogatory comment, and general discussion in the office regarding her medical condition – states neither a plausible claim of direct evidence of discrimination as it relates to the terms of her employment, nor, as explained above, an adverse employment action under the ADA.  See Ellerth, 524 U.S. at 761; Talley, 542 F.3d at 1107; Kocsis, 97 F.3d at 886.  Accordingly, it is recommended that Briars's ADA claims against MLGW be dismissed for failure to state a claim.

**D. Briars's Claims Against Collins, Burnett, Peete, Redmond, and Mitchell**

Briars alleges that she was employed by MLGW, but there is no indication that Briars was employed by the remaining named defendants.  It appears that these individual defendants are supervisors or fellow employees at MLGW.  Accordingly, these defendants cannot be subject to liability under Title VII or the ADA.  See Wathen v. General Electric Co., 115 F.3d 400, 403–06 &

n.6 (6th Cir. 1997) (holding that individual liability is prohibited under Title VII and similar statutory schemes, such as the ADA); see also Roof v. Bel Brands USA, Inc., 641 F. App'x 492, 496 (6th Cir. 2016). In Wathen, the Sixth Circuit found "that the statute as a whole, the legislative history and the case law support the conclusion that Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII." 115 F.3d at 406. The allegations in the complaint do not plausibly demonstrate that any of the five individuals named in the complaint is an employer for purposes of Title VII or the ADA. The undersigned therefore recommends that Briars's Title VII and ADA claims against Jerry Collins, Carlotta Burnett, Linda Peete, George Redmond, and Paulette Mitchell, be dismissed for failure to state a claim upon which relief may be granted.

**E.   Briars's Remaining Claims**

Briars complaint notes, in the area designated for a description of the facts of her case, a "violation of HIPPA [sic] Law." (ECF No. 1 at 4.) To the extent that Briars intends to assert claims against any of the named defendants under the Health Insurance Portability and Accountability Act ("HIPAA"), such claims should also be dismissed *sua sponte*. This court has consistently held that similar attempts to assert

claims under HIPAA provide "'no factual basis which could plausibly suggest an entitlement to relief pursuant to HIPAA because the statute does not afford individuals a private right of action.'"  See Simpson v. Bredesen, No. 2:10-cv-02950-JPM-tmp, 2015 WL 5655999, at *5 (W.D. Tenn. Sept. 24, 2015) (quoting Wilson v. Memphis Light, Gas & Water, No. 12-2956-STA-tmp, 2013 WL 4781279, at *3 (W.D. Tenn. Sept. 5, 2013)); Johnson v. Kuehne & Nagel Inc., No. 11-cv-02317-STA-cgc, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012); see also 45 C.F.R. 160.306 (describing the process for individuals to lodge written complaints with the Secretary of Health and Human Services). Accordingly, the undersigned submits that Briars has not asserted a plausible claim for relief under HIPAA.

### III. RECOMMENDATION

For the above reasons, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Respectfully submitted,

                                         s/ Tu M. Pham
                                         TU M. PHAM
                                         United States Magistrate Judge

                                         January 25, 2018
                                         Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); LR 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**