# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| PAMELA L. BRIARS, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2035-JPM-tmp |
| | ) | |
| MEMPHIS LIGHT GAS & WATER, | ) | |
| ET AL., | ) | |
| | ) | |
|    Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND
## ORDER DISMISSING CASE *SUA SPONTE*

On January 11, 2018, Plaintiff Pamela L. Briars, filed a *pro se* complaint alleging violations of Title VII of the Civil Rights Act ("Title VII") and the American With Disabilities Act ("ADA") along with a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. The Magistrate Judge granted Plaintiff *in forma pauperis* status and screened the complaint in accordance with 28 U.S.C. § 1915 (e)(2)(B) and West. Tenn. LR 4.1(b)(2). (ECF No. 6.) On January 25, 2018, the Magistrate Judge issued a report and recommendation that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) to which Plaintiff filed objections and exhibits on February 5, 2018. (ECF Nos. 7, 8, 8-1 & 8-2.) After *de novo* review, the Court finds that Plaintiff's objections should be overruled and the report and recommendation adopted in full.

## I. FINDINGS OF FACT

In the report and recommendation, the Magistrate Judge included proposed findings of fact which include a sufficient overview of the circumstances underlying the dispute at issue in the case. (ECF No. 7, pp. 2-3). While referring specifically to allegations within Plaintiff's Complaint, the Magistrate Judge described that on November 21, 2016, Plaintiff was diagnosed with "scabies" and her condition was reportedly disclosed to other MLGW employees. As a result of this diagnosis, Plaintiff contends she was singled out and harassed at her workplace unlike others who had contracted similar illnesses. As a result, Plaintiff initiated this lawsuit against MLGW and certain individually-named Defendants. *(Id.* at 3.) Plaintiff objects to the Magistrate Judge's proposed findings of fact by offering more details regarding how her illness manifested itself, communications with her supervisor and others in which her condition was discussed, and her subsequent interaction and conversations with, and among, other MLGW employees regarding her illness. (ECF No. 8, pp. 1-6.) Plaintiff includes pictures of her plastic-covered work station and an email from the Acting Labor Relations Manager. (ECF Nos. 8-1, pp. 1-2 & 8-2.) These facts and attachments do not dispute the pertinent basic facts contained in the Magistrate Judge's report and recommendation. As such, the Court overrules the objections and adopts the Magistrate Judge's proposed findings of fact as the factual history of this case. However, the Court has taken into account, and considered the additional facts Plaintiff included in her objections as part of its *de novo* review.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v.*

*Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). When a Magistrate Judge "submit[s] to a judge of the [district] court proposed findings of fact and recommendations," "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(B)-(C). After reviewing the evidence, the Court may accept, reject, or modify, in whole or in part, any findings or recommendations made by a Magistrate Judge. *Id.* A Court need not review any portion of the recommendation to which a plaintiff does not specifically object and may adopt the findings and rulings of a Magistrate Judge to which a specific objection is not filed. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). Courts are unwilling to abrogate basic pleading standards in *pro se* actions. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (*per curiam*); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied*, (Jan. 19. 1990). While *pro se* litigants are not held to the same standard as licensed attorneys, it is not the role of the court to speculate about the nature of their claims. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) and *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

### III. ANALYSIS

The Magistrate Judge first recommends dismissal of Plaintiff's Title VII claim against MLGW based on racial discrimination because Briars does not allege an adverse change in the terms of her employment. The Magistrate Judge concludes that, even liberally construed, Plaintiff's alleged mistreatment after her scabies diagnosis did not adversely impact her employment status. *White v. Burlington N. & Sante Fe Ry. Co.*, 364 F.3d 789, 795 (6th Cir. 2004.) The Magistrate Judge correctly found that embarrassment or inconsiderate treatment are insufficient actions to sustain a Title VII claim for adverse employment action which requires

more serious action, such as termination, demotion, or suspension. *Parks v. City of Chattanooga,* 74 Fed. App'x 432, 440-41 (6th Cir. 2003) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998)("simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment."). As such, her complaint fails to state a viable Title VII claim against MLGW. (ECF No. 7, 5-6.) Plaintiff objects to this portion of the Magistrate Judge's report and recommendation on the basis that she was disparately treated by her employer. She argues that her clothes were placed in garbage bags and her desk was covered for three days while other White and Hispanic employees' clothing were not removed nor were their desks covered when they acquired similar illnesses. However, Plaintiff does not address the core of the Magistrate Judge's recommendation that there was no impact on her employment status. (ECF No. 8, 7-8.) Because of this, Plaintiff has not made out a viable Title VII racial discrimination claim. Therefore, this objection is Overruled.

Next, the Magistrate Judge submits that Plaintiff's complaint fails to allege a *prima facie* case of discrimination based on a physical disability or that she suffered any adverse employment action as provided under the ADA. *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008) and *Kocsis v. Multi- Care Mgmt, Inc.*, 97 F.3d 876, 886 (6th Cir. 1996). The Magistrate Judge reiterates that the alleged conduct at issue does not reflect direct evidence of discrimination or an adverse employment action under the ADA. Therefore, the Magistrate Judge recommends that Plaintiff's ADA claim against MLGW should also be dismissed. (ECF No. 7, 7-8). Plaintiff objects to this finding by only reiterating her conclusory assertion that because of her disability, MLGW allowed, in essence, a hostile work environment.

(ECF No. 8, 8). The record, including facts Plaintiff includes in her objections, lacks direct or circumstantial evidence that Plaintiff was disabled, and that she later suffered discrimination as a result that disability, as required by the ADA. See *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011). Plaintiff's objection is Overruled.

The report and recommendation recommends dismissal of Briar's Title VII and ADA claims against Briar's MLGW supervisors and fellow employees for failure to state a claim for which relief can be granted. (ECF No. 7, 8-9.) Plaintiff objects to the recommendation to dismiss MLGW President Jerry Collins, Manager Carlotta Burnett, Section Supervisor Linda Peete, Manager George Redmond and EEO Human Resource Rep2 Paulette Mitchell on the basis that they were aware of her complaints but failed to take any corrective measures. (ECF No. 8, 5). The law is clear that only an employer, not fellow employees or supervisors, may be liable for violations of the ADA and Title VII. *Wathen v. General Electric, Co*., 115 F.3d 400, 403-06, n.6 (6th Cir. 1997) (liability under Title VII, the ADEA, and the ADA is limited to the employer). This objection is also Overruled.

Finally, the Magistrate Judge recommends dismissal of Plaintiff's purported claims under the Health Insurance Portability and Accountability Act ("HIPPA") because said statute does not afford a private right of action. (ECF No. 7, 9-10.) Plaintiff objects to the dismissal of her HIPPA claim by elaborating on requests for a doctor's statement from her supervisor Linda Peete and manager George Redmond, actions leading to her complaint with human resources. (ECF No. 8, 5-7.) In general, HIPPA governs only the confidentiality of medical records and how certain entities can use or disclose "individually identifiable health" information concerning an individual. "Plaintiff's only redress for an alleged HIPPA violation is to lodge a written

complaint with the Secretary of Health and Human Services, through the Office of Civil Rights" in accordance with 45 C.F.R. § 160.306. *Johnson v. Kuehne & Nagel, Inc.*, No. 11-cv-02317-STA-cgc, 2012 WL 1022939, at *5 (W.D. Tenn. March 26, 2012). This objection is Overruled.

## CONCLUSION

After *de novo* review of the report and recommendation and Plaintiff's objections thereto, the Court finds the Magistrate Judge has properly recommended *sua sponte* dismissal of Plaintiff's complaint in full. Accordingly, the case is ordered dismissed with prejudice pursuant to Fed. R. Civ. P. 12 (b).

**IT IS SO ORDERED,** on this 6th day of March, 2018.

                                      *s/John T. Fowlkes, Jr.*
                                      JOHN T. FOWLKES, JR.
                                      UNITED STATES DISTRICT JUDGE